

IN THE DISTRICT COURT OF NORTHERN DISTRICT OF OKLAHOMA
STATE OF OKLAHOMA

FILED
JAN 13 2021
Mark C. McCa... Clerk
U.S. DISTRICT COURT

SHANIKA CURSH, ALEXUS WILLIAMS )
ASHANTI WILLIAMS AND TREVEON )
HAYES       **PLAINTIFFS**         )
                                   )   21 CV - 017 TCK - JFJ
                                   )
VS.                                )
                                   )   CASE:_____
                                   )
                                   )
WAL-MART CORPORATIONS              )
                                   )
       **DEFENDANTS**

### PETITION

COMES NOW the Plaintiffs, Shanika Cursh, Alexus Williams, Ashanti Williams and Trevon Hayes (collectively "Plaintiffs"), and for their causes of action against Defendant Wal-Mart SuperCenter of Sapulpa, allege and state as follows:

### JURISDICTION AND VENUE

1. Mrs. Cursh, Ms. Williams, Ms. Williams and Mr. Hayes are all residents of the City of Sapulpa Oklahoma. (Creek County)
2. Wal-Mart is the supercenter store (groceries, retail, home furnishings, etc.,) located in Sapulpa, Ok.
3. The events giving rise to this lawsuit took place at the Wal-Mart Supercenter of Sapulpa located at 1002 West Taft, Sapulpa, OK.
4. This court has original jurisdiction over the parties and venue is proper in this judicial district pursuant to Okla. Stat. tit. 12 § 134.
5. Plaintiffs assert that the amount in controversy, exclusive of costs and interests, are in excess of $75,000.

**FACTS RELATING TO ALL CLAIMS**P

6. Plaintiffs incorporate paragraphs 1 through 5 therein.
7. On the evening of September 04, 2020, Plaintiffs were grocery and household shopping at Wal-Mart.
8. While the Plaintiffs were checking out, one of the Wal-Mart employees came over to assist the Plaintiffs with their items, due to register had a malfunction. Plaintiffs checkout was successful,



as Plaintiffs were leaving the store, the store security stopped the Plaintiffs at the door and demanded their receipts. There were many customers in the store.

9. Shanika Cursh presented receipts to the store security, as Alexus Williams kept walking with the paid merchandise, Alexus was illegally detained and threatened, "She was going to jail".

10. The Plaintiffs returns inside the store, where a manager is requested, and the Plaintiffs is requesting their money back for the items purchased.

11. Store manager Tony comes to the front of the store and advises the store security to give the Plaintiffs their receipts back and stated, "let them go". Tony the manger stated, again, "let them go".

12. Plaintiffs was followed by rude customers, the rude customers, was making rude comments.

13. Plaintiffs were subjected to humiliating public display of being treated as shoplifters while Wal-Mart employees and/or personnel inspected Plaintiffs receipts, in full view of everyone in the area.

14. When Plaintiffs left the store, two additional customers of Wal=Mart personnel stood in Plaintiffs path causing Plaintiffs additional embarrassment.

15. Upon information and belief, no other patrons were subjected to the same or similar treatment while Plaintiffs were at Wal-Mart.

16. Upon information and belief, Plaintiffs were targeted by Wal-Mart due to being African American.

17. All the events occurred near the store checkout and the exit area in front of employees and other customers.

**First Cause of Action**
**(Defamation-Slander)**

18. Plaintiffs incorporate herein paragraphs 8 through 17.

19. Upon information and belief, Defendant knowingly made public statements and/or engaged in a course of conduct placing Plaintiffs in a false light before the public.

20. Upon information and belief, Defendant's action and words, by and through its employees including management and security personnel, portrayed Plaintiffs as shoplifters.

21. Wal-Mart has dozens of security cameras located throughout the store and was able to watch Plaintiffs every move.

22. Upon information and belief, Defendant knew that Plaintiffs were not shoplifters and that Defendant's action were false, or Defendant acted with reckless disregard as to whether the statements and actions were false, or the Defendant acted negligently in failing to ascertain that the statements and actions were proper.

23. Defendant's slander has caused Plaintiffs emotional distress and economic damages in an amount in excess of $75,000.00.

24. Upon information and belief, the Defendant's actions were committed maliciously against Plaintiffs, or at least with complete reckless disregard to Plaintiffs' right.

25. Plaintiffs are entitled to judgement against Defendant for actual and punitive damages, interest and costs.

   **Second Cause of Action**
   **(Invasion of Privacy-False Light)**

26. Plaintiffs incorporate herein Paragraph 8 through 25.

27. Upon information and belief, Defendant knowingly made public statements about Plaintiffs and/or engaged in a course of conduct placing Plaintiffs in a false light before the public when Defendant announced "suspicious shopper codes" alerting all customers in the store.

28. Defendant's public statements about and/or actions regarding Plaintiffs are highly offensive to the reasonable person.

29. Upon information and belief, Defendant's statements and actions were published to the public knowing the statements and actions would place Plaintiffs in a false light,

30. Upon information and belief, the Defendant's actions were committed maliciously against Plaintiffs or at least with reckless disregard for Plaintiffs rights for which they should be punished.

31. Plaintiffs have suffered damages as a result of Defendant's actions for which Plaintiffs are entitled to actual damages and punitive damages in an amount not less than, $75,000.

   **Third Cause of Action**
   **(Negligent Infliction of Emotional Distress)**

32. Plaintiffs incorporate herein paragraphs 8 through 31.

33. Wal-Mart owes a duty to its business invitee patrons (i.e Plaintiffs) to protect each of them from harm.

34. Plaintiffs were the direct recipient of Wal-Mart employees' and personnel's actions.

35. Wal-Mart violated its duty to Plaintiffs with its treatment of Plaintiffs as outlined in Paragraphs 8 through 31 resulting in each Plaintiffs suffering emotional damage.

36. Upon information and belief, the Defendant's actions were committed maliciously against Plaintiffs or at least reckless disregard for Plaintiffs rights.

37. As a result, Plaintiffs are entitled to actual and punitive damages for Wal-Mart's negligence.

**Fourth Cause of Action**
(Discrimination Based on Race 42 U.S.C. § 1981)

38. Plaintiffs incorporate herein paragraphs 8 through 37

39. Under 42 U.S.C. § 1981 (a) (2020),

All persons within the jurisdiction of the United States shall have the same right in every state and Territory to make and enforce contracts, to sue, be parties, five evidence, and to the full and equal benefit of all aw and proceedings for the security of persons and property as is enjoyed by white citizens.

40. Plaintiffs are African Americans; a protected class under 42 U.S.C. §1981.
41. Defendants unlawful actions interfered with Plaintiffs' rights "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, "in violation of 42 U.S.C. §1981.
42. Upon information and belief, defendant intentionally discriminated against Plaintiffs by directing "suspicious shopper codes" toward Plaintiffs and by unlawful detainment.
43. Upon information and belief, discrimination occurred by the detainment of Plaintiffs for no reason other than being African American.
44. Upon information and belief, discrimination occurred by the accusation of shoplifting by Defendant over the intercom for no reason other than Plaintiffs being African American.
45. Due to the malicious and willful discrimination in gross disregard of Plaintiffs' rights, Plaintiffs are entitled to actual damages, punitive damages, attorney's fees, expert witness fees, costs, and interest.

**Fifth Cause of Action**
(Vicarious Liability)

46. Plaintiffs incorporate herein paragraphs 8 through 45.
47. At all times relevant to this lawsuit, Defendant's employees and personnel, including cashiers, sackers, security, and management, were acting in the course and scope of their respective employment with Wal-Mart.

48. Accordingly, Wal-Mart should be held responsible for the actions and words of the employees and personnel under the doctrine of respondent superior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgement against the Defendant, as set forth above, for actual damages, punitive damages, interest, costs, attorney's fees, expert fees, and such other relief as the Court deems equitable and proper.

Respectfully Submitted,

Shanika R Cursh

Curush Legal Services
200 N. Burnett Street
Sapulpa OK 74066

7016 2710 0000 5518 2885

U.S. POSTAGE PAID
FCM LG ENV
SAPULPA, OK
74066
JAN 12, 21
AMOUNT
$4.95
1021  74103  R2304Y122894-02

postage marces 1/12/21 u

Northern Federal District
333 W. 4th Street #411
Tulsa OK 74103

RECEIVED
JAN 13 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT