IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANIKA CURSH, ALEXUS WILLIAMS, ASHANTI WILLIAMS and TREVEON HAYES, <br>　　　　Plaintiffs, <br><br>v. <br><br>WAL-MART STORES EAST, L.P., <br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)  Case No. 21-CV-17-TCK-SH<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiffs' Amended Petition filed by the defendant Wal-Mart Stores East, L.P. ("Wal-Mart"). Doc. 16. Wal-Mart seeks dismissal of the Amended Petition for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).[1]  *Id.*  Plaintiffs oppose the motion. Docs. 20-23.

**I. Applicable Law**

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

---

[1] This lawsuit was filed on January 13, 2021. Doc. 1. On June 18, 2021, Wal-Mart filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 11 and Fed. R. Civ. P. 12(b)(6). Doc. 6. Subsequently, Plaintiffs filed an Amended Petition, thereby rendering Wal-Mart's original Motion to Dismiss moot. Doc. 13.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

## II. Allegations of the Amended Petition

On the evening of September 4, 2020, Plaintiffs were shopping at the Wal-Mart Supercenter located in Sapulpa. Doc. 13, ¶7. As they were leaving the store after checking out, store security stopped Plaintiffs at the door and demanded their receipts. *Id.*, ¶8. Shanika Cursh presented receipts to the store security, as Alexus Williams kept walking with the paid merchandise. *Id.*, ¶9. Alexus was illegally detained and threatened that "She was going to jail." *Id.* Plaintiffs returned inside the store, where a manager was requested and the Plaintiffs asked for their money back for the items purchased. *Id.*, ¶10.

The store manager, came to the front of the store and told the store security to "let them go." *Id.*, ¶11. Plaintiffs were followed by rude customers who were making rude comments. *Id.*, ¶12. Plaintiffs were subjected to a humiliating public display of being treated as shoplifters while Wal-Mart employees inspected their receipts, in full view of everyone in the area. *Id.*, ¶13. When Plaintiffs left the store, "two additional customers of Wal-Mart personnel stood in Plaintiffs' path causing Plaintiffs additional embarrassment." *Id.*, ¶14. Upon information and belief, no other patrons were subjected to the same or similar treatment while Plaintiffs were at Wal-Mart. *Id.*, ¶15. Upon information and belief, Plaintiffs were targeted by Wal-Mart due to being African

American. *Id.*, ¶16. All of the events occurred near the store checkout and the exit area in front of employees and other customers. *Id.*, ¶17.

Plaintiffs assert claims for Defamation-Slander, Invasion of Privacy-False Light, Negligent Infliction of Emotional Distress/Race Discrimination in violation of 42 U.S.C. §1981, and Vicarious Liability.

**III. Analysis**

Wal-Mart argues that the defamation claims asserted by all Plaintiffs except Alexus Williams should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted; Plaintiffs' claims for invasion of privacy-false light fail to state claims upon which relief can be granted; Plaintiffs' claims for negligent infliction of emotional distress fail because Oklahoma does not recognize an independent claim for negligent infliction of emotional distress; and their allegations fail to state cognizable claims pursuant to 42 U.S.C. §1981 or vicarious liability claims.

### A. Defamation-Slander Claims

Oklahoma law defines slander as "a false and unprivileged publication, other than libel, which:

1. Charges any person with crime, or with having been indicted, convicted or punished for crime;

2. Imputes in him the present existence of an infectious, contagious or loathsome disease;

3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade or business that has a natural tendency to lessen its profit;

4. Imputes to him impotence or want of chastity; or

5. Which, by natural consequences, causes actual damage."

12 O.S. §1442. As set forth in the statute, in order to prevail on a defamation claim, a plaintiff must plead and prove that the defendant published a false statement about the plaintiff. 12 O.S. §1442; *Sturgeon v. Retherford Publs., Inc.*, 987 P.2d 1218, 1223 (Okla. 1999).

The Plaintiffs' Amended Petition alleges that a Wal-Mart employee demanded to see their receipts. A demand to see receipts, however, is not a "false statement" under 12 O.S. § 1442 because it cannot be proven true or false. Nor does the allegation that they were "treated as shoplifters" establish a defamation claim under the statute, as it fails to allege any "statement" at all.

Accordingly, Plaintiffs' defamation claims are subject to dismissal.

### B. Invasion of Privacy-False Light Claims

In order to state a claim for false light invasion of privacy, Plaintiffs must plead facts showing that (1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person and (3) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. 2002). Oklahoma courts apply the Restatement (Second) of Torts, §652E to false light invasion of privacy claims. *Hadnot v. Shaw*, 826 P.2d 78 (Okla. 1992), n. 28. The Comment to §652E incorporates the definition of "publicity" included in the Restatement (Second) of Torts §652D, making it clear that "publicity" is not the same as a publication in a defamation claim:

> *a. Publicity.* The form of invasion of privacy covered in this Section depends upon publicity given to the private life of the individual. 'Publicity" as it is used in this Section, differs from 'publication,' as that term is used in § 577 in connection with liability for defamation. 'Publication' in that sense, is a word of art, which includes any communication by the defendant to a third person. 'Publicity,' on the other hand, means that the matter is made public by communicating it to the *public at*

> *large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.* The difference is not one of the means of communication, which may be oral, written or by other means. It is one of communication that reaches, or is sure to reach, the public.
>
> Thus, it is not an invasion of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity within the meaning of the term as it is used in this Section. . .

*Id.* (emphasis added); see also *Hadnot*, 826 P.2d at 989, n. 28. Oklahoma cases involving false light claims typically involve allegations against publishing companies or television stations. *See*, *i.e.*, *Mitchell v. Griffin TV, LLC*, 60 P.3d 1058 (false light claim against a television station); *Colbert v. World Publishing Co.*, 747 P.2d 286 (false light claim against a publishing company in connection with a newspaper article).

In their Amended Petition, Plaintiffs alleged that Wal-Mart employees asked them for receipts and made a disparaging statement directed at Alexus Williams in front of other customers at the store's exit. Accepting as true Plaintiffs' allegations, this is not—as a matter of law—the type of publicity required for a false claim, as there was no public broadcast, newspaper article or public address to a large group. Accordingly, Plaintiffs' false light claims fail as a matter of law.

### C. Negligent Infliction of Emotional Distress Claims

Oklahoma does not recognize an independent tort claim for negligent infliction of emotional distress. *Lockhart v. Loosen*, 943 P.2d 1074, 1081 (Okla. 1997); *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, ¶1; *Mason v. State ex rel Bd. of Regents*, 23 P.3d 964 (Okla. Civ. App. 2001). Therefore, Plaintiffs' claims for negligent infliction of emotional distress are subject to dismissal.

5

### D. 42 U.S.C. §1981 Claims

Plaintiffs' Fourth Cause of Action asserts claims for "Discrimination Based on Race, 42 U.S.C. §1981." Section 1981 provides, in pertinent part:

> (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons or property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. . . .
>
> ***
>
> (c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

*Id.* In *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S.Ct. 1009, 1019 (2020), the Supreme Court held that to prevail on a §1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."

The Tenth Circuit Court of Appeals acknowledges, as do other courts, that §1981 claims based on an alleged deprivation of contract rights against private defendants are actionable. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1104-05 (10th Cir. 2001). However, it does not appear that the appellate court has decided whether state action is required for §1981 claims under the equal benefits clause.

Nevertheless, the Court finds that Plaintiffs' §1981 claims are subject to dismissal because they fail to allege any loss of a legally protected right for the security of their person or property. Specifically, they do not allege they were arrested or incarcerated. To the contrary, the Amended Petition alleges that Wal-Mart employees ultimately told them they could leave. Instead, the Amended Petition alleges that a Wal-Mart employee asked to see their receipts. Accordingly,

Plaintiffs' §1981 claim fails because the Amended Petition is devoid of any allegation that they lost a legally protected right or equal benefit of the law.

### E. Vicarious Liability Claims

Plaintiffs' vicarious liability claims are predicated on their underlying claims for defamation, invasion of privacy-false light, negligent infliction of emotional distress and discrimination in violation of 42 U.S.C. §1981. Because the Court has determined that those claims are subject to dismissal under Rule 12(b)(6), the vicarious liability claims also fail.

## IV. Conclusion

Defendant Wal-Mart's Motion to Dismiss is granted.

ENTERED this 14th day of January, 2022.

_____
TERENCE C. KERN
United States District Judge